1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONALD L.,

              Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

Case No. C23-0200 RSM

**ORDER AFFIRMING AND
DISMISSING THE CASE**

       Plaintiff seeks review of the denial of his applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB).  Plaintiff contends the Administrative Law Judge ("ALJ") erred by rejecting his symptom testimony and the medical opinions of (1) Dr. Curtis, (2) Dr. Vo, and (3) Ms. Swan, RN.  Dkt. 8.  As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

**BACKGROUND**

       Plaintiff is 53 years old, has a limited education, and has worked on a fishing vessel and as a carpenter.  Admin. Record (AR) 35.  On July 9, 2019, Plaintiff applied for benefits, alleging disability as of August 15, 2016.  AR 101, 113.  Plaintiff's applications were denied initially and on reconsideration.  AR 110, 122.  After the ALJ conducted a hearing in October 2019, the ALJ determined that based on his DIB application, Plaintiff was not disabled through his last insured

ORDER AFFIRMING AND DISMISSING
THE CASE - 1

date of December 31, 2017, and that based on his SSI application, Plaintiff became disabled beginning on October 15, 2019.  AR 47–80, 123–41.  In September 2020, the Appeals Council remanded the case back to the ALJ, affirming the ALJ's determination that Plaintiff became disabled on October 15, 2019, but vacating the ALJ's determination that Plaintiff was not disabled prior to that date.  AR 142–48.  In its remand order, the Appeals Council instructed the ALJ to reevaluate medical opinion evidence, Plaintiff's testimony, and reassess Plaintiff's residual functional capacity (RFC).  AR 145.  The ALJ held another hearing on October 28, 2021, and issued a new decision on November 17, 2021, again finding Plaintiff not disabled prior to October 15, 2019.  AR 12–46, 81–98.  Plaintiff now seeks judicial review of the ALJ's November 2021 decision.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).  The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational.  *Ford*, 950 F.3d at 1154.  Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### 1.    Plaintiff's Testimony

In the October 2019 hearing,[1] Plaintiff testified he has difficulties with standing and walking which stem from the pain in his hip, leg, and back.  AR 57–64.  Plaintiff testified he

---

[1] The October 2021 hearing focused on the testimony of the vocational expert.  AR 81–98.  Plaintiff, though present during the hearing, did not testify about his symptoms.

ORDER AFFIRMING AND DISMISSING
THE CASE - 2

1  falls every day, two to four times a day.  AR 58.  Plaintiff also testified to struggling with using

2  his hands, explaining he drops things after manipulating them for ten minutes.  AR 62.  Plaintiff

3  stated he has had surgeries for his back, hip, and elbows, but that his symptoms have been

4  similar or have worsened afterwards.  AR 63–64.  He also stated he needs to be in a reclining

5  position for six to eight hours.  *Id*.

6  Where, as here, an ALJ determines a claimant has presented objective medical evidence

7  establishing underlying impairments that could cause the symptoms alleged, and there is no

8  affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to

9  symptom severity by providing "specific, clear, and convincing" reasons supported by

10  substantial evidence.  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  "The standard

11  isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that

12  it has the power to convince."  *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

13  Here, the ALJ rejected Plaintiff's testimony, finding it inconsistent with the longitudinal

14  medical evidence.  AR 22–27.  Specifically, the ALJ noted Plaintiff was not as limited as he

15  alleged because treatment notes after Plaintiff's surgeries and physical examination findings

16  indicated improvement.  AR 27.  These are valid reasons to reject a claimant's testimony.  *See*

17  *Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006)

18  (holding that "[i]mpairments that can be controlled effectively with medication are not disabling

19  for the purpose of determining eligibility for [social security disability] benefits"); *Carmickle v.*

20  *Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60

21  F.3d 1428, 1434 (9th Cir.1995)) ("Contradiction with the medical record is a sufficient basis for

22  rejecting the claimant's subjective testimony." ).

23  The ALJ first noted Plaintiff's record showed improvement after Plaintiff's cervical, hip,

ORDER AFFIRMING AND DISMISSING
THE CASE - 3

and elbow surgery.  AR 707–08 ("His back pain is much improved, 0/10.") 712 (almost full

strength in bilateral upper and lower extremities), 799–800 ("ambulating without assistive

devices" post-hip arthroplasty), 843 ("upper back is good; low back is getting better," "chronic

pain is much better") 1310–12 (elbow has full range of motion and radiology showing no acute

bony findings).  While Plaintiff did report falls, increased pain symptoms, and his examinations

revealed some decrease in his mobility, Plaintiff was also observed as having "an exaggerated

pain response."  AR 801–02.  By October 2019, Plaintiff's neurological and EMG examinations

showed full strength in his left upper extremity.  AR 592–97, 1053–54, 1334, 1190–91.  Plaintiff

also underwent studies specifically for his hands and elbow.  AR 1788–89.  They revealed

evidence of carpal tunnel syndrome, but Plaintiff was also noted to have full strength in his upper

extremities and otherwise normal findings.  *Id*.

The ALJ also noted other inconsistencies within Plaintiff's statements.  For example, in

contrast with Plaintiff's statements about his difficulties with mobility, Plaintiff reported being

more comfortable walking and standing than sitting or lying down, doing yard work, getting on

and off a boat, and climbing scaffolding.  AR 765, 944, 1053–54.  An ALJ may reject a

claimant's symptom testimony when the claimant makes inconsistent statements concerning his

symptoms.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).  Plaintiff's ability to

partake in these activities negates his statements regarding his diminished mobility and need to

recline for most of the day.  In sum, the ALJ's reasoning for rejecting Plaintiff's testimony is

supported by the record.  Accordingly, the Court finds the ALJ did not err.

### 2.    Medical Opinion Evidence

#### a.    Dr. Curtis

Dr. Curtis provided six opinions and letters throughout the relevant period.  AR 659–64,

1  780–81, 1204–06, 1521.

2      The ALJ permissibly rejected the letters dated September 2016 and May 2018.  AR 29–

3  30, 780–81.  Although the letters included Plaintiff's medical history and ample descriptions of

4  Plaintiff's symptoms, they are not medical opinions under the regulations as they lacked

5  Plaintiff's functional limitations in light of his impairments.  20 C.F.R. § 404.1513(a)(1)(2) ("A

6  medical opinion is a statement from a medical source about what [the claimant] can still do

7  despite [his or her] impairment(s) and whether [the claimant has] one or more impairment-

8  related limitations or restrictions" in the ability to perform physical and mental demands of a

9  work activities.)  Thus, even if the ALJ's reasons for rejecting these letters were erroneous, the

10 errors would be harmless because the ALJ did not need to discuss their persuasiveness.  *Molina*,

11 674 F.3d at 1115 ("We have also deemed legal errors harmless where it was clear they did not

12 alter the ALJ's decision.").

13      The ALJ also permissibly rejected the evaluations dated November 2016 and August

14 2017.  AR 29.  In the November 2016 evaluation, Dr. Curtis opined Plaintiff would be limited to

15 sedentary work due to Plaintiff's conditions and this limitation would persist for "at least 6

16 months."  AR 664.  In the August 2017 evaluation, Dr. Curtis similarly opined Plaintiff would be

17 limited to sedentary work for "6 months."  AR 661.  The regulations define "disability" as "the

18 inability to do any substantial gainful activity by reason of any medically determinable physical

19 or mental impairment which can be expected to result in death, or which has lasted or can be

20 expected to last for a continuous period of not less than 12 months."  20 C.F.R. §§ 404.1505,

21 416.905.  Dr. Curtis's November 2016 opinion lacks clarity as to whether Plaintiff's condition

22 would meet the required 12-month duration under the regulations, while his August 2017 opinion

23 explicitly states Plaintiff's condition would be for less than 12 months.  Because a claimant's

1    impairment must last or be expected to last for "a continuous period of not less than 12 months,"

2    the ALJ's rejection of both opinions was reasonable.  *See* 20 C.F.R. §§ 404.1505, 416.905.

3         The ALJ permissibly rejected Dr. Curtis's June 2019 and October 2019 opinions as well.

4    AR 30.  In June 2019, Dr. Curtis completed a physical functional evaluation and opined Plaintiff

5    unable to meet the demands of sedentary work.  AR 1203–06.  In October 2019, Dr. Curtis

6    provided in a letter that due to Plaintiff's "injuries and medical conditions[,] he is only able to

7    stand or sit in one position for very short periods of time."  AR 1521.  He also opined Plaintiff

8    "has limitations in his upper extremities including the left shoulder, bilateral elbows, bilateral

9    wrists and right hand which also involve limitations in his fine motor skills."  *Id*.  He further

10   stated, "it is my medical opinion that [Plaintiff] is not able to perform even sedentary work due

11   to his medical conditions."  *Id*.

12        When evaluating a medical opinion, the ALJ must consider how it is consistent with

13   other evidence from medical and nonmedical sources.  20 C.F.R. §§ 404.1520c(c)(2),

14   416.920c(c)(2).  The ALJ noted that in contrast with Dr. Curtis's findings that Plaintiff is limited

15   to less than sedentary work, Plaintiff's physical examinations showed full strength in both his

16   upper and lower extremities and that he had normal gait.  AR 593–96, 712, 1334.  The record

17   also shows that after Plaintiff's back surgery, Plaintiff reported improvement, and after his hip

18   surgery, Plaintiff was able to ambulate with the assistance of a walker and return to his activities.

19   AR 707, 798.  The record does show Plaintiff had some weakness in his extremities and

20   worsening of his mobility, but this was recorded after Plaintiff had endured a fall.  AR 1053–54.

21   The ALJ also pointed to Plaintiff's activity level.  Undermining Dr. Curtis's opinion that Plaintiff

22   is limited to less than sedentary work is Plaintiff's reports of doing yard work as well as

23   Plaintiff's ability to get on and off a boat and climb scaffolding.  AR 703–04, 1053–54.

ORDER AFFIRMING AND DISMISSING
THE CASE - 6

Plaintiff points out that in the ALJ's prior decision remanded by the Appeals Council, the ALJ had found Dr. Curtis's opinions persuasive, and contends that the ALJ's "dramatic departure" in then finding all of them unpersuasive in the November 2021 decision shows the ALJ was "merely attempting to adjust his findings to match his desired outcome rather than providing a legitimate analysis of Dr. Curtis's medical opinion." Dkt. 8 at 8. However, Plaintiff fails to support this conclusory argument. Although Plaintiff disagrees with the ALJ's reasoning, "when the evidence is susceptible to more than one rational interpretation, [the Court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111. As discussed, the ALJ's rejection of all of Dr. Curtis's medical opinions were either harmless or valid and supported by substantial evidence.

### b.    Dr. Vo

Dr. Vo opined that due to Plaintiff's low back pain resulting from his history of lumbar radiculopathy and left shoulder impairment, Plaintiff would have difficulties with concentration or attention for more than 30 minutes per day. AR 1522. Dr. Vo also opined Plaintiff can stand and walk less than two hours per day, sit upright less than two hours per day, use his hands and arms less than occasionally, would need to recline for six to eight hours per day, and would be absent from full-time sedentary work three or more days per month. AR 1522–24. Dr. Vo opined that these limitations had existed since August 2016. AR 1524.

The ALJ permissibly rejected this opinion for its lack of supporting evidence. As the ALJ noted, although Dr. Vo had been treating Plaintiff since 2018, Dr. Vo opined Plaintiff's limitations stem as far back as August 2016. *See* AR 31, 1525. It is not clear from the questionnaire how Dr. Vo rendered such an opinion if his treatment notes in the record only encompass Plaintiff's conditions 2018 and afterwards, and the questionnaire itself lacks any

accompanying objective evidence, relevant explanations, or references to other evidence that

could reasonably support his proposed limitations. *See* AR 1522–24. A review of Dr. Vo's

treatment notes in the record shows Plaintiff was referred to him after Plaintiff's hip arthroplasty

in March 2018. AR 1807. There is no indication Dr. Vo reviewed any of Plaintiff's records

prior to that year. *See* AR 1804–26 (Dr. Vo's treatment notes from May 2020 stating he

reviewed Plaintiff's knee x-ray in 2018); 1943–47 (Dr. Vo's treatment notes from August 2021).

When weighing a medical opinion, the ALJ must consider how a medical source supports his or

her medical opinion with relevant evidence. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).

Without any accompanying relevant objective evidence or explanations—whether from his own

examinations or references to other medical evidence throughout Plaintiff's record—that could

serve as the basis for Dr. Vo's proposed limitations, the ALJ could reasonably find Dr. Vo's

opinion unpersuasive. Thus, the Court finds the ALJ did not err in rejecting his opinion.

### c.      Ms. Swan, RN

Ms. Swan completed a report in October 2018 stating Plaintiff was unable to stand and

work on anything for more than 20 minutes at a time, cannot lift more than ten pounds, and

needs to walk with a cane. AR 441–47. Ms. Swan stated Plaintiff cannot squat, can walk up to

50 feet before needing to rest, has difficulty with sitting, all postural activities, reaching, and

using his hands, with limitation from left-elbow pain. AR 445. Ms. Swan reported Plaintiff has

difficulty completing tasks due to distraction from pain, is unable to perform any tasks

consistently, and cannot meet the demands of even sedentary work. AR 447.

The following year, Ms. Swan provided a letter stating Plaintiff is unable to stand for

prolonged periods of time, can stand for only 20 minutes, and frequently falls. AR 1516. She

wrote Plaintiff must constantly change positions several times an hour, prolonged sitting is

painful for him, and he does best when he is in a reclined position. *Id*. She wrote Plaintiff's arm

and hand strength have decreased, and he frequently drops things. *Id*. She wrote Plaintiff has

limited mobility in his shoulders. *Id*. She wrote Plaintiff can stand for about two hours total in

one day, needs to recline for six to eight hours, and can only complete chores for about 20

minutes at a time. *Id*.

The ALJ permissibly found Ms. Swan's report and letter "not entirely persuasive." AR

33. Specifically, the ALJ validly observed her opinions are not supported by any objective

findings in the record. As stated above, an ALJ must weigh a medical opinion by considering

how a medical source supports his or her medical opinion with relevant evidence. 20 C.F.R. §§

404.1520c(c)(1), 416.920c(c)(1). Ms. Swan's letter and reports, while abundant in descriptions

of Plaintiff's symptoms, provide no objective medical evidence to support her proposed

limitations. Therefore, in rejecting her opinions, the ALJ did not err.

To the extent that Ms. Swan's report and letter could also be considered as lay witness

testimony given Ms. Swan's status as Plaintiff's caretaker and girlfriend, the Court finds no

harmful error with the ALJ declining to evaluate them as such. The report and letter

substantially mirror Plaintiff's testimony, therefore the ALJ's reasoning in rejecting Plaintiff's

testimony—which the Court has found permissible—applies equally to the statements included

in the report and letter. *See Valentine v. Comm'r Soc. Sec. Admin*., 574 F.3d 685, 694 (9th Cir.

2009) (holding that because ALJ provided a valid reason for rejecting the claimant's subjective

complaints, and the lay witness testimony was similar to the claimant's complaints, it follows the

ALJ properly rejected lay witness testimony also).

In sum, the ALJ provided at least one valid reason, supported by substantial evidence, to

reject the medical opinions of Dr. Curtis, Dr. Vo, and Ms. Swan. Though the ALJ provided

ORDER AFFIRMING AND DISMISSING
THE CASE - 9

1   other reasons to do so, the Court need not address those reasons.  Even if insufficient, the ALJ's

2   errors would be rendered harmless.  *See Carmickle*, 533 F.3d at 1162 (holding that the inclusion

3   of an erroneous reason among other reasons does not negate the validity of the overall credibility

4   determination where an ALJ provides other reasons that are supported by substantial evidence).

5   **CONCLUSION**

6   For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this

7   case is **DISMISSED** with prejudice.

8   DATED this 26th day of July, 2023.

9

10

11   RICARDO S. MARTINEZ
     UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

ORDER AFFIRMING AND DISMISSING
THE CASE - 10